## CORDS *v.* THIRD AVE. R. CO.

*(Superior Court of New York City, General Term.* April 15, 1889.)

HORSE RAILROADS—LIABILITY FOR NEGLIGENCE—APPEAL—REVIEW.

In an action against the Third Avenue Railroad Company, for personal injuries caused by a car on One Hundred and Twenty-Fifth street, plaintiff alleged and defendant denied that the latter owned the car, but there was no evidence that the driver was employed by defendant, or that defendant owned or controlled the cars running through that street. Defendant moved to dismiss the complaint, because there was no evidence of negligence on its part, and moved that a verdict be directed for it on the same ground, which motions were denied, and exceptions taken. The court charged that, if there was any negligence on defendant's part, it must be found only in the negligence of the driver, to which defendant excepted, because there was no proof of his being its employé, or that it was responsible for him. *Held,* that the court's attention was specifically called to the failure of proof, and that judgment for plaintiff should be reversed, and a new trial granted.

Appeal from jury term.

Action by Charles Cords, Jr., by guardian, etc., against the Third Avenue Railroad Company. Judgment on a verdict for plaintiff, from which, and from an order denying a motion for a new trial on the minutes, defendant appeals. For opinion in action by plaintiff's father, see *ante,* 439.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Hoadly, Lauterbach & Johnson,* (*William N. Cohen,* of counsel,) for appellant. *Miller & Savage,* for respondent.

TRUAX, J. The action was brought to recover damages for injuries which the plaintiff alleged that he sustained through the negligence of the defendant. The defendant denied its negligence. It was shown on the part of the plaintiff that he was injured by one of the cars that runs through One Hundred and Twenty-Fifth street in the city of New York, while he was near Second avenue. The allegation of the complaint was that the defendant owned this car. This allegation was denied by the defendant. At the close of the plaintiff's case the defendant moved to dismiss the complaint, on the ground, with other grounds, that there was no evidence of any negligence on the part of the defendant. At the close of the whole case it renewed this motion. The motion was denied, and then the defendant asked the court to direct a verdict for the defendant on the same ground. This motion was also denied. To each of these denials the defendant duly excepted. The court charged the jury that, if there was any negligence on the part of the defendant, it must be found in the negligence of the driver who drove the horses attached to the car in question. No other possible ground is disclosed by the evidence. But for said driver's negligence the defendant is responsible. To this the defendant duly excepted, and stated, as the ground for such exception, that there was no proof of the driver's being the defendant's employé, or that it was responsible for him. We are of the opinion that the attention of the court was specifically directed to the fact that there was a failure on the part of the plain-

tiff to show that the defendant owned and controlled the car which caused the injury, and employed the driver of that car, by the motion to dismiss the complaint on the ground stated; but the attention of the court was drawn to this fact by the exceptions to the portion of the charge above given. An examination of the case shows that there is no evidence that the driver who was on the car at the time of the accident was employed by the defendant. There is no evidence that the defendant owned or controlled the cars running through One Hundred and Twenty-Fifth street, and therefore there is no evidence in the case that the defendant was negligent. For this reason the judgment is reversed and a new trial is ordered, with costs of this appeal to the party who finally prevails in the action.